By The Court:
The suit below was commenced by David E. Taylor against James H. Taylor and- wife to foreclose a mortgage. The plaintiffs in error, each claiming a lien in his own behalf on the land, under a judgment rendered in his favor, became parties, and each filed a cross-petition, setting up his claim. The judgment of each cross-petitioner, if valid, was prior in time to the mortgage. Issue was taken in each case by the mortgagee as to the validity of these several judgments. The case was appealed to the circuit court, and there tried on the evidence. The court, as requested, *395 made a finding of facts, and separately stated its conclusions of law. It found as a conclusion of law, as to the claim of each, cross-petitioner, that his judgment was void and of no effect, and dismissed his petition. The amount of the claim of each was less than $300, but the aggregate of their claims was more than that sum. The statute conferring appellate jurisdiction on this court, as amended April 25, 1898 (93 Laws, 225), limits it to cases where the amount involved in the judgment sought to be reversed, is more than $300; and one of the grounds of the motion is that the amount involved is not more than $300. On examining the record, however, we find that this proceeding is not within the amendment. The judgment in the circuit court, sought to be reversed, was rendered in February, 1898, and was, therefore, an existing right to prosecute error when the act took effect, and the act did not, therefore, apply to this case. Insurance Co. v. Myers, 59 Ohio St., 332.
Still, for another reason assigned in the motion, it should be sustained. There is a misjoinder of parties plaintiff: Separate and distinct proceedings in error with different parties plaintiff are united in the^ same proceeding. In an original action this is a ground of demurrer, Section 5062, Revised Statutes, and this, by analogy, applies to proceedings in error, being founded on the same reason, the inconvenience of trying in one and the same suit separate and distinct cases. A. having a promissory note against D., and B. having one against the same party, A. and B. cannot unite in a single suit against D. for the recovery of a judgment in favor of each against D.; and, for a like reason, each cannot unite in a proceeding in error for the reversal of a judgment in favor of the defendant against each on his own separate note. We do not doubt, that where the title is common and *396 all must prevail or none, all may unite in a proceeding for a review of an adverse judgment. This would probably be so, where there is a number of claimants whose title to relief depends upon a particular construction of a will, or in any similar case. But such is not the case here. The claim of each party depends upon the particular circumstances of his case. Each judgment is declared to have been taken on confession before a justice of the peace in favor of a separate party, at different times, and somewhat different circumstances; and one may have had a valid judgment and the others not. Each stands upon its own bottom and is separate and distinct from the others, as much so as separate claims can be. The court held each judgment to be void, and no lien on the land. But this was not because of any community of interest between the parties, but because, in each casé, the facts failed, in the opinion of the court, to show a valid judgment had been obtained. But this, as to all of the cases, was a mere accident. It might have been otherwise. Some might have had valid judgments, and others not; and such as had obtained valid judgments, would have been entitled, not only to participate in the distribution of the fund, but to a priority over the mortgage.

Motion sustained.